IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV594-01-MU

| | |
|---|---|
| WILLIAM ARTHUR BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion for Preparation of Transcripts, filed November 13, 2006.

Transcripts are provided to indigent prisoners in collateral proceedings ". . . if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. 28 U.S.C. § 753(f). The Court will not provide transcripts to indigent prisoners so that they may comb the transcript looking for errors. See United States v. MacCollom, 426 U.S. 317, 96 S. Ct. 2086 (1976).

Petitioner provides no reasoning for why he needs the transcripts he requests to proceed on appeal. A blanket assertion of need is insufficient. Id. In particular, Petitioner does not meet the heightened requirements for disclosing grand jury materials. Moreover, a review of the record reveals that Petitioner already possesses some of the transcripts he requests. Further, the docket sheet does not indicate that any hearings in Petitioner's criminal case were held on April 7, 2000 and October 20, 2000, in case number 3:92CR270-MU. Nor is there any docket notation referring

to a May 5, 1997 certification of missing court reporter notes.  Finally, Petitioner's request for FBI notes is clearly not a request for a transcript and Petitioner does not even specify if such notes are in the Court's possession.

**THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion for Preparation of Transcripts is **DENIED**.

Signed: November 29, 2006

Graham C. Mullen
United States District Judge